**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Bettye Felder, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 13-0271 (CKK) |
| | : | |
| Corrections Corporation | : | |
| of America, | : | |
| | : | |
| Defendant. | : | |

**AMENDED MEMORANDUM OPINION**

On October 15, 2013, the Court granted Defendant's Motion to Dismiss pursuant to Fed.

R. Civ. P. 12(b)(6) and dismissed this case for failure to state a claim upon which relief can be

granted. *See* Mem. Op. [Dkt. # 16]; Order [Dkt. # 15]. It was noted that after granting plaintiff's

motions for time to retain counsel to oppose the motion, the Court on September 3, 2013, gave

plaintiff until October 1, 2013, to file her response to defendant's motion with or without

counsel. Plaintiff was informed that since she was allowed approximately five months to retain

counsel and file a response, she would be granted no more extensions of time without

demonstrating extraordinary circumstances. Sept. 3, 2013 Min. Order. Counsel has not

appeared in the case on plaintiff's behalf and, by October 15, 2013, plaintiff had not filed a

response to defendant's motion. Therefore, defendant's motion was treated as unopposed.

The next day after the dismissal was entered, on October 16, 2013, the Court received

and permitted to be filed a document captioned "Motion to Civil Court Plaintiff Representation

and Complaint" [Dkt. # 17]. A stamp on the face of the document shows that it was received on

"September 31, 2013," in the Filing Depository of the United States Court of Appeals for the District of Columbia Circuit.[1]  Since the motion did not include a certificate of service, the Clerk of this Court did not file it on the docket.  Therefore, neither the Court nor the defendant was aware of the document at the time this case was dismissed.  The Court has considered the document as plaintiff's opposition to defendant's dispositive motion but finds no basis to reopen this case.

Plaintiff alleges in the complaint that she received inadequate medical care while confined at the District's Correctional Treatment Facility ("CTF").  *See* Compl. [Dkt. # 1-1].  In its motion to dismiss, defendant Corrections Corporation of America ("CCA") argues essentially that plaintiff has named the wrong defendant because CCA has contracted with the District only to provide security services at CTF, not medical care.[2]  *See* Def.'s Mot. to Dismiss [Dkt. # 4] at 3-5.  Defendant further argues that the complaint fails to implicate CCA or CCA employees in any misconduct separate from the alleged inadequate medical care.  *Id*. at 4.   In her opposition, plaintiff does not address these valid arguments but rather repeats her allegations of inadequate medical care.  Hence, the dismissal of this case for failure to state claim against the named defendant will stand.  *See Hopkins v. Women's Div., General Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), *aff'd* 98 Fed.Appx. 8 (D.C. Cir. 2004) ("It is well understood in this Circuit that . . . a court may treat [unopposed] arguments [in a dispositive motion] . . . as

_____

[1]     September has 30 days; thus, the actual date of receipt is unknown.

[2]     Defendant has documented that Unity Healthcare, Inc., is the contractor responsible for providing medical care for District of Columbia inmates at the Correctional Treatment Facility. *See* Def.'s Mot. at 1-2 & n.2.

conceded.") (citing *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997)) (other citation omitted).  A separate Order accompanies this Memorandum Opinion.



_____s/s_____
COLLEEN KOLLAR-KOTELLY
DATE:   October 25, 2013          United States District Judge